IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAUL SARKADI, | |
| Plaintiff, | Case No. 2:20-cv-1316 |
| v. | Judge James L. Graham |
| OHIO CASINO CONTROL COMMISSION, *et al.*, | Magistrate Judge Kimberly A. Jolson |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court for consideration of a motion to dismiss filed by Defendants Thomas Kincaid and Joshua Welty[1] (collectively, "Defendants"). For the reasons that follow, the Court **DENIES** the Motion of Defendants, Thomas Kincaid and Joshua Welty, to Dismiss (ECF No. 44).

**I.     BACKGROUND**

In his Amended Complaint, Plaintiff, an advantage gambler,[2] asserts two claims pursuant to 42 U.S.C. § 1983 against Ohio Casino Control Commission ("OCCC") agents Kincaid and Welty in their individual capacities. Plaintiff's allegations stem from his March 16, 2019 visit to Hollywood Casino Columbus ("Hollywood Casino"). Plaintiff claims that while playing a slot machine, he "was told he must accompany [] Kincaid, Welby [sic] and other employees of Hollywood and OCCC" and was threatened with being "taken to jail" if he did not comply. (Am. Compl. ¶¶ 18, 19, ECF No. 43 at 327–28.)

---

[1] In his Amended Complaint (ECF No. 43), Plaintiff once again references a Defendant Joshua Welby as a party to this action, but as the Court and Defendants have pointed out numerous times, it is Joshua Welty who is a defendant here.

[2] According to Plaintiff, this is a term of art used in the casino industry to denote a player "who generally wins at casinos through applying legal strategies to the games offered by a casino." (Am. Compl. ¶ 8.)

1

Plaintiff claims that he complied out of fear and was taken to a "secured room where he was held against his will" for trespassing. (*Id.* at ¶¶ 20–22.) Plaintiff insists that he tried explaining that he was a Hollywood Casino customer and had never been issued a warning against being on the casino property and claims that Defendants admitted "that the Plaintiff had never been given a warning or instruction that he was not to be on the property of Hollywood." (*Id.* at ¶¶ 23–24.)

Plaintiff alleges that despite his voiced reticence, he was compelled to hand over his driver's license to Defendants, so that Hollywood Casino personnel could enter his private information into "a database of perceived undesirables" for the purpose of "persecut[ing] the Plaintiff as an advantage gambler." (*Id.* at ¶¶ 25, 28.) Plaintiff also claims that Defendants used their authority as OCCC agents to compel production of his identification. (*Id.* at ¶ 41.) Plaintiff further claims that he was "secured and seized for an appreciable period of time," and that after Defendants warned him not to return to Hollywood Casino, he was allowed to redeem his slot cash-out tickets and escorted off the premises. (*Id.* at ¶ 26.)

Plaintiff asserts two causes of action against Defendants, in their individual capacities, for: 1) violation of 42 U.S.C. § 1983 (search and seizure) and 2) violation of 42 U.S.C. § 1983 (violation of due process in the form of a taking or continuing seizure of property and violation of Plaintiff's rights to anonymity and right to remain silent).

Defendants' motion is fully briefed and ripe for adjudication.

## II. STANDARD OF REVIEW

Defendants move to dismiss Plaintiff's claims against them under Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" when a plaintiff sets forth

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  *Iqbal,* 556 U.S. at 679; *Erickson v. Pardus,* 551 U.S. 89, 93–94 (2007); *Twombly,* 550 U.S. at 555–56.  But courts "need not accept as true legal conclusions or unwarranted factual inferences."  *Gregory v. Shelby Cty.,* 220 F.3d 433, 446 (6th Cir. 2000).

### III.  DISCUSSION

Defendants argue that Plaintiff's Amended Complaint fails to plead sufficient facts to support a viable § 1983 claim against them.

To state a plausible § 1983 claim for relief, Plaintiff must allege facts demonstrating that "'1) [Plaintiff] was deprived of a right secured by the Constitution or laws of the United States and that 2) the deprivation was caused by someone acting under color of state law.'" *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003) (quoting *Perry v. McGinnis,* 209 F.3d 597, 603 (6th Cir. 2000)).

Here, Plaintiff alleges that Defendants, acting as state officers of the OCCC, deprived him of his Fourth and Fourteenth Amendment rights by unreasonably seizing his person and escorting him to a remote room at Hollywood Casino where he was detained.  *See Brower v. Cty. of Inyo,* 489 U.S. 593 (1989) (finding that a Fourth Amendment seizure occurs when the government terminates a person's freedom of movement through means intentionally applied).  Plaintiff also alleges that Defendants deprived him of his due process rights when he was forced to hand over his driver's license.  *See Bailey v. Floyd Cnty. Bd. of Educ.,* 106 F.3d 135, 140-41 (6th Cir. 1997) ("The Fourteenth Amendment prohibits state actors from depriving an individual of life, liberty, or property without due process of law.").

Construing the Amended Complaint in the light most favorable to Plaintiff, the Court therefore finds that Plaintiff has pled sufficient facts to support a viable § 1983 claim against Defendants at this stage of the litigation.

Furthermore, Defendants' qualified immunity defense is premature and is denied without prejudice and may be refiled at a later stage in the proceedings.

IV.     **CONCLUSION**

For the reasons stated above, the Court **DENIES** the Motion of Defendants, Thomas Kincaid and Joshua Welty, to Dismiss (ECF No. 44).

**IT IS SO ORDERED.**

/s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: March 7, 2022