IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PAUL SARKADI,

      **Plaintiff,**

  v.                          Civil Action 2:20-cv-1316
                                  Judge James L. Graham
                                  Magistrate Judge Jolson

OHIO CASINO CONTROL
COMMISSION, et al.,

      **Defendants.**

**OPINION AND ORDER**

This mater is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 62). The Motion is **DENIED**. Plaintiff, however, will have another opportunity to amend his pleadings consistent with the Court's prior Orders. Any such filing is due by **August 30, 2022**.

**I.    BACKGROUND**

Elsewhere, the Court has explained this case in detail. Plaintiff, a self-identified advantage gambler, filed this lawsuit against several Defendants after a visit to Defendant Hollywood Casino Company ("Hollywood Casino") in Columbus, Ohio. (Doc. 1). In brief, Plaintiff says that some of the Defendants approached him while he was playing slots. They instructed him to step away from the game (*id.* at ¶ 14), but then would not let him leave (*id.* at ¶ 16). And, says Plaintiff, Defendants threatened to take him to jail, used force to make him comply, and held him against his will. (*Id.* at ¶ 18–20). As part of this process, Plaintiff claims that Defendants compelled production of his identification so that he could be excluded from casinos in the future. (*Id.* at ¶ 23). Later, Plaintiff was allowed to redeem his cash-out tickets and was escorted off the premises. (*Id.* at ¶ 24).

Plaintiff filed this lawsuit in March 2020. Since then, the pleadings have had different iterations, and the Court has dismissed claims. (*See, e.g.*, Docs. 1, 24, 33, 42, 43). Also, at Plaintiff's request, the Court has reconsidered certain rulings. (*See* Docs. 45, 53). Now, Plaintiff seeks to amend the pleadings again. Defendants oppose the amendment. (Docs. 64, 65).

## II. STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, when a party must seek leave of court to amend a pleading, "[t]he court should freely give leave when justice so requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of the pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Thus, the trial court enjoys broad discretion in deciding motions for leave to amend. *Sims v. Time Warner Cable Inc.*, No. 2:17-CV-631, 2018 WL 6427249, at *2 (S.D. Ohio Dec. 7, 2018) (citation omitted). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment and futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

Plaintiff seeks to do a fair amount with his proposed amendment. For one thing, he seeks "restatement" of his state-law claims against casino employees. (Doc. 62 at 2). Yet, on August 18, 2021, the Court expressly dismissed Plaintiff's state-law claims against the casino employees (Does 1–6) for failure to state a claim upon which relief can be granted. And the Court was clear: "Plaintiff is *not* permitted to amend his Complaint concerning any of his state law claims" because amendment would be futile. (Doc. 42 at 18) (emphasis added). After that ruling, Plaintiff moved for reconsideration of dismissal of his claims against Defendants Central Ohio Ventures LLC,

Central Ohio Gaming Ventures, LLC and Penn National Gaming, Inc., which he collectively referred to as "Hollywood." (Doc. 45 at 1). That request was granted. (Doc. 53 at 1). But the ruling stopped there. Even though Plaintiff also asked for reconsideration of his state-law claims, the Court granted Plaintiff's motion only as it pertained to his § 1983 claims against certain defendants. (*Id.*).

Now, Plaintiff seeks to add David Bailey, a casino employee formerly known as Doe 1. But, again, the Court already dismissed Plaintiff's state-law claims against the casino employees under Rule 12(b)(6). Despite the Court's clear ruling, Plaintiff wants to bring the dismissed claims again. For example, Plaintiff's proposed battery claim would fail for the reasons articulated in the Court's prior Opinion and Order. (Doc. 42 at 15). The same is true for Plaintiff's attempted defamation claim (*id.* at 16); trespass to chattels claim (*id.* at 16–17); and negligence claim (*id.* at 17–18). Further, the Court already dismissed the Ohio Casino Control Commission—a defendant Plaintiff seems to try to sue again. (Doc. 62 at 7). Additionally, it appears that the name of the proper casino defendant is still unresolved. (*See* Doc. 67-1 at 4).

For these reasons, much of the proposed amendment contravenes the Court's prior orders and would be futile. Accordingly, Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 62) is **DENIED**. In the interests of justice, however, Plaintiff is permitted to try again. He may move to file a second amended complaint on or before **August 30, 2022**. Finally, Plaintiff has attempted five different pleadings at this point, and Defendants have not yet answered. The parties are reminded of the age of this case and are cautioned not to delay this matter further.

IT IS SO ORDERED.

Date: August 16, 2022  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE